IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Patrick L. Booker, | ) | Case No. 8:24-cv-03859-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Henry McMaster, Howard Knapp, Connie Moody, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's pro se amended complaint. ECF No. 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On October 9, 2024, Henry McMaster filed a motion to dismiss. ECF No. 25. On October 10, 2024, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately. ECF No. 30. On October 16, Howard Knapp filed a motion to dismiss; a *Roseboro* order was issued on October 17, 2024. ECF Nos. 33, 36. On October 28, 2024, Connie Moody filed a motion to dismiss, and a *Roseboro* order was issued on October 29, 2024. ECF Nos. 44, 45. Plaintiff did not file responses to any of

the motions to dismiss.[1]  After various motions, the Magistrate Judge ultimately directed Plaintiff to file responses to the motions to dismiss by February 12, 2025.  Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond.  On February 19, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with orders of the Court.  ECF No. 64.  The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff did not file objections to the Report, and the time to do so has lapsed.[2]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See*

---

[1] The Court notes that during this time, Plaintiff filed two letters and a motion for order to show cause.  ECF Nos. 38, 40, 41.

[2] The Court notes that Plaintiff has filed notices of change of address during the course of this case.  Significantly, none of the Magistrate Judge's orders have been returned as undeliverable.

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge.  Accordingly, this action is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The motions to dismiss [25, 33, 44] are **FOUND as MOOT**.

IT IS SO ORDERED.

                                                        s/ Donald C. Coggins, Jr.
                                                       United States District Judge

April 15, 2025
Spartanburg, South Carolina